

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00254-CR

**MICHAEL KENNEDY LOUIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 40791CR**

## MEMORANDUM OPINION

The jury convicted Michael Kennedy Louis of the offense of theft. The jury found

the enhancement paragraphs to be true and assessed punishment at 20 years confinement

and a $10,000 fine. We affirm.

# SUFFICIENCY OF THE EVIDENCE

In the sole issue on appeal, Louis argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.
>
> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as

defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

## RELEVANT FACTS

Vanessa Bright testified that on August 31, 2015, while she was working at Wylie's Jewelry in Waxahachie she received a call from a man saying he wanted to stop by the store and buy something nice for his wife. The man later arrived at the store and asked to see bracelets and rings. The man told Bright that his name was Joe Williams. He informed Bright that his wife was in Dallas and that she was ill. After looking at several rings and bracelets, the man informed Bright that he could not see very well and would return with his sister-in-law to help him make a decision. Bright asked him where his sister-in-law lives, and the man stumbled over his words and left the store.

After the man left, Bright noticed that a ring was missing from one of the jewelry trays. Bright conducted an inventory review and determined the exact ring that was missing. Bright later notified the store owner about the missing ring, and they reviewed the surveillance video from the store. Bright testified that in the video she saw the man put the ring in his mouth. Bright later notified the Waxahachie Police Department of the theft, and the case was assigned to Detective Albert Martinez.

Detective Martinez testified that the phone number given to Bright by the man in the store was not a working number and that because Joe Williams is a common name, he could not get any helpful information from the system. Detective Martinez also reviewed the surveillance video and saw the man put the ring in his mouth.

Sometime later Bright saw a news story that contained a picture of the man who was in the jewelry store. The news story identified the man as Michael Kennedy Louis. Bright provided the information to Detective Martinez.

Detective Martinez was able to get a driver's license number and photograph of Louis. He recognized Louis as the man on the surveillance video from the jewelry store. Detective Martinez had another officer prepare a photo lineup. Bright selected Louis from the photo lineup as the man in the jewelry story who took the ring.

**ARGUMENT**

A person commits the offense of theft if he:

(a) unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:
(1) it is without the owner's effective consent;

TEX. PENAL CODE ANN. § 31.03 (a) (b) (West 2019).

Louis contends that Bright did not see him place the ring in his mouth or steal the ring. Louis argues that because there is no proof he removed the ring from the store, the evidence is insufficient to support his conviction.

Bright testified that after Louis left the jewelry store, a ring was missing from the tray. Bright reviewed surveillance video and saw Louis place the ring in his mouth. The jury viewed the surveillance video. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be

sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We find that the evidence is sufficient to support Louis's conviction for theft.

<p style="text-align:center">**CONCLUSION**</p>

We affirm the trial court's judgment.

<div style="margin-left:45%">
JOHN E. NEILL
Justice
</div>

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed June 12, 2019
Do not publish
[CR25]

